### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 13 |
| ROXANNE LYNNE HERCEG, | Case No. 17-21194 TPA |
| Debtor. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | Document No. __68__ |
| Movant, | Related to Doc. Nos. 17 and 37 |
| v. | |
| UNITED STATES TRUSTEE, | |
| Respondent. | |

### MODIFIED
### STIPULATED PROTECTIVE ORDER RELATED TO THE
### NOTICE OF MORTGAGE PAYMENT CHANGE

JPMorgan Chase Bank, N.A., ("Chase") and Andrew R. Vara, Acting United States Trustee

for Region 3 (the "United States Trustee"), by and through their respective counsel, hereby enter

into this Stipulated Protective Order (the "Protective Order" or "Order") pursuant to Fed. R. Civ.

P. 26(c) and 45(d), Fed. R. Bankr. P. 7026, 9016, 9018, and 11 U.S.C. § 107. In support hereof,

Chase and the United States Trustee (each a "Party," and collectively, the "Parties") represent the

following:

### PARTIES GOVERNED

1. This Stipulated Protective Order shall govern the use and disclosure of any and all

information designated as "CONFIDENTIAL," as set forth below, in documents (including e-

mail), magnetic media, or other tangible things produced by Chase or in deposition or examination testimony by Chase, and provided to the United States Trustee in this case.

2.    This Protective Order shall apply to Chase, the United States Trustee, his Assistants, agents and employees, as well as anyone else employed by the United States Trustee Program and the Executive Office for United States Trustees (collectively, the "USTP") in connection with the use of Confidential Information provided in this case to the United States Trustee.

<u>DESIGNATION OF INFORMATION OR DOCUMENTS AS CONFIDENTIAL</u>

3.    Chase shall designate as "CONFIDENTIAL" that information, document or portion of a document or other tangible thing subject to discovery or otherwise provided by Chase to the USTP in this case that Chase believes in good faith contains a trade secret or confidential research, development, or commercial information subject to protection under the standards of 11 U.S.C. § 107, Fed. R. Bankr. P. 7026, 9016, 9018, or other applicable laws (collectively, "Confidential Information"). This Protective Order, and any amendments or modifications thereto, shall apply to the treatment of Confidential Information so designated. In no instance shall Chase designate as "CONFIDENTIAL" information that has been disclosed in any court or administrative proceeding, or to any governmental entity, except when such disclosure has taken place pursuant to: (1) a protective order restricting communication of such information; (2) a statute or regulation restricting communication of such information; or (3) an agreement with a governmental entity agreeing to restrict communication of such information. Chase shall be under a continuing obligation to notify the USTP if it becomes aware of any information indicating that a previous designation of information as "CONFIDENTIAL" is no longer justified under this Order.

4.      Nothing in this Protective Order will be construed as an admission by any Party that any Confidential Information designated by Chase is or contains a trade secret or confidential research, development, or commercial information subject to protection under 11 U.S.C. § 107, Fed. R. Bankr. P. 7026, 9016, 9018, or other applicable laws.

5.      Chase shall designate Confidential Information on an item by item basis. Nothing in this Protective Order authorizes Chase to make blanket designations of its entire production or large portions of its production as "CONFIDENTIAL."

6.      Designation of Confidential Information shall be made in the following ways:

a.      Documents.  Chase shall designate documents (including e-mail) or portions of documents containing Confidential Information by producing the document with each applicable page marked with a legend reading "CONFIDENTIAL" to be included within the terms of this Protective Order.  Where only a portion of a document is designated "CONFIDENTIAL," Chase shall, to the extent practicable, segregate that portion of the document designated "CONFIDENTIAL" from the remainder of the document (e.g., Chase shall not designate an entire manual "CONFIDENTIAL" when only certain pages or portions of the manual are "CONFIDENTIAL").  If it is not practicable to segregate the confidential portions of a document containing multiple pages, the first page of the document should contain a label identifying which pages of the document are designated confidential.  In addition, each page that is designated confidential shall have a "CONFIDENTIAL" label affixed to it.

b.      Electronically Stored Information.  Where a document is produced in any electronic format or magnetic medium, the device, disc, drive, cartridge, reel or medium container will be marked as set forth above, and Chase shall provide an index indicating which of the

3

documents, or portions thereof, contained on the electronic format or magnetic medium are designated confidential.

        c.      Physical Exhibits.   Physical exhibits will be marked by placing a "CONFIDENTIAL" label on the exhibit marked as set forth above.

        d.      Depositions and Examinations.  If any document containing Confidential Information is marked, referenced or discussed during a deposition or an examination taken in this case: (1) Chase may thereafter designate appropriate portions of the depositions or examinations as "CONFIDENTIAL" and subject to the terms of this Protective Order; (2) such designations shall be made in writing, delivered to the United States Trustee's counsel within fourteen (14) calendar days of the delivery of such transcript to Chase's undersigned counsel and such designated portions of the transcript of any deposition or examination taken shall be deemed confidential and subject to the terms of this Protective Order; and (3) deposition or examination exhibits consisting of or including documents covered by this Protective Order shall be placed in a sealed envelope with an appropriate admonition on the front of such envelope.

DISCLOSURE OF CONFIDENTIAL INFORMATION

        7.      The USTP may show, disclose, or distribute any Confidential Information within the Department of Justice, which shall maintain the confidentiality of the Confidential Information consistent with the terms of this Protective Order.  In addition, the USTP may show, disclose, or distribute any Confidential Information to any other federal governmental entity including, but not limited to, law enforcement agencies, provided, however, that the federal governmental entity shall sign and deliver to the USTP the form set forth as Exhibit A stating that it will maintain the confidentiality of the Confidential Information consistent with the terms of this Protective Order. Notwithstanding any of the foregoing or anything else in this Order, if any federal governmental

4

entity (including the Department of Justice or a division or subdivision thereof) obtains or has

obtained the same or other information through some other means (including but not limited to

subpoena or civil investigative demand), this Protective Order shall have no effect on the level of

protection or confidentiality it is required to provide to the information obtained by some other

means, even if it first became aware of such information as a result of a disclosure from the USTP.

A federal governmental entity that has been provided with Confidential Information subject to this

Order (including the Department of Justice or a division or subdivision thereof), shall be in

compliance with this Order if it acts so that it would be in compliance with this Order if "Receiving

Party" were substituted for "USTP" and "United States Trustee" in the Order, or if it acts in

compliance with the standards set forth in this paragraph.

8.      The USTP may notify and assist any United States Attorney pursuant to 28 U.S.C.

§ 586(a)(3)(F) and, to the extent the USTP complies with this Protective Order, may use

Confidential Information in providing such notification or assistance; provided, however, that if

the United States Attorney obtains or has obtained the same information from a source other than

the USTP so that the United States Attorney is not required to comply with this Protective Order

with regard to that information, the USTP may use that information to the same extent and under

the same terms as the United States Attorney without reference to this Protective Order, even if

the same information was also produced to the USTP as Confidential Information under this

Protective Order.

9.      Except as permitted in this Order, Confidential Information shall not be shown,

disclosed or distributed to any person or entity outside of the Department of Justice, absent a court

order or upon agreement of Chase, except that (1) Confidential Information may be disclosed to

courts, persons employed by courts, court reporters, and stenographers and videographers

employed for the purpose of transcribing or recording testimony or argument at any hearing, trial, deposition, or examination; (2) when questioning potential witnesses or other persons whom the USTP reasonably believes to have relevant information relating to the Confidential Information, the USTP may show such potential witnesses or such other persons documents containing Confidential Information; provided, however, that the USTP shall not permit any such person to take possession of a copy of such document without a court order or the express permission of Chase, and provided further that, in the absence of a court order or express permission of Chase to the contrary, the person shall be required to execute a confidentiality agreement in the form set forth as Exhibit B to this Order (except that this shall not be required when examining a witness in a hearing, trial, deposition, or examination, if that witness is an employee or under the control of Chase); and (3) the USTP may disclose Confidential Information to expert witnesses retained by the USTP for the purpose of providing expert consulting or testimony in any case involving Chase, provided that such person(s) execute a confidentiality agreement in the form set forth as Exhibit B to this Order.

10.    This Order shall not prevent or in any way limit the ability of the USTP or any other federal governmental entity to comply with a grand jury subpoena, Congressional subpoena or Congressional demand for documents or information or a court order; provided, however, that in the event that the USTP receives a Congressional subpoena or demand or a court order to produce any Confidential Information covered by this Protective Order, the USTP shall, insofar as is consistent with any applicable law or court order, notify Chase of such request within fourteen (14) calendar days of its receipt and allow Chase a reasonable time, not exceeding fourteen (14) calendar days from the receipt of the notice from the USTP, to obtain a protective order for documents or information sought or stay of production, or otherwise resolve the issue, before the

USTP discloses any such documents or information. If permitted by law, the USTP shall likewise

notify Chase of any other subpoena or demand to produce any Confidential Information covered

by this Protective Order within fourteen (14) calendar days of its receipt, in which case Chase shall

have a reasonable time not exceeding fourteen (14) calendar days from the receipt of the notice to

seek a protective order for the documents or information. If the USTP notifies Chase that it is

obligated to produce any Confidential Information under any applicable law, including without

limitation the Right to Financial Privacy Act, Chase shall have a reasonable time not exceeding

fourteen (14) calendar days from the receipt of the notice to seek a protective order for the

documents or information. In all cases covered by this paragraph, the USTP shall inform the

requesting party that the information sought was produced to the USTP subject to the terms of this

Protective Order.

INADVERTENT DISCLOSURE

11.    In the event the USTP discloses any Confidential Information in a manner

inconsistent with this Order, the USTP shall promptly notify Chase's counsel and the Court. Chase

reserves its rights to seek a court order directing that the person(s) and/or organization(s)

improperly in possession of the Confidential Information be bound by this Protective Order.

12.    For purposes of this Protective Order, if Chase inadvertently fails to mark a

document or information as "CONFIDENTIAL," it shall not be deemed to have waived its claim

of confidentiality and may mark the document or information "CONFIDENTIAL" or designate

the document or information "CONFIDENTIAL" at a later date after it has learned of the failure

to mark said document or information "CONFIDENTIAL." However, to the extent a document or

information inadvertently not designated as "CONFIDENTIAL" by Chase is disclosed or used by

the USTP in any manner prior to receiving written notice of the inadvertent failure to designate

such document as "CONFIDENTIAL," such disclosure or use shall not constitute a violation of

this Protective Order.

### SUBMISSION OF CONFIDENTIAL INFORMATION TO THE COURTS

13.    If a document designated "CONFIDENTIAL" is used in any court proceeding or

otherwise submitted to a court, the document will be filed under seal and will state on the first page

that it contains Confidential Information and that said document is lodged or filed under seal.  The

Parties shall not electronically file or cause to be filed any Confidential Information with a court

unless such Confidential Information is filed under seal.   In the event that any Confidential

Information is used at trial or is otherwise submitted in a court proceeding, it will not lose its

confidential status through such use, and the Party using the Confidential Information will take all

reasonable steps to maintain its confidentiality during such use.  The USTP may publicly disclose

its analyses and conclusions regarding Confidential Information so long as such disclosure does

not have the effect of disclosing Confidential Information.   If Confidential Information is

submitted in a case, the court with jurisdiction over that case may make rulings and orders

regarding the use of such Confidential Information in that case (provided that Chase and the USTP

are provided notice and an opportunity to be heard) and if the USTP acts in reliance on such rulings

or orders it shall not be deemed to be in violation of this Order.  If the USTP submits Confidential

Information in any proceeding, and a debtor, or a trustee under chapter 7, 11, 12, or 13, in that

proceeding wishes to obtain access to such Confidential Information, such debtor or trustee may

make a motion directed to the court in which that proceeding is pending to obtain such access, in

which event Chase reserves all rights to oppose that motion or the requested access.

## OBJECTIONS TO DISCLOSING PARTY'S DESIGNATIONS

14.      In the event that the USTP objects at any time to the designation of any information, document or portion of a document as "CONFIDENTIAL," it shall notify Chase in writing (the "Notice"). The Parties will then endeavor to resolve any such dispute informally. In the event that the dispute is not resolved informally, Chase must file a motion in this case seeking protection within fourteen (14) calendar days after service of the Notice and shall bear the burden of justifying, consistent with 11 U.S.C. § 107 and Fed. R. Bankr. P. 7026, 9016, 9018, and/or other applicable law, the continued confidential treatment of the Confidential Information. If such motion is timely filed, the protection afforded by the terms of this Protective Order shall continue until the court makes a decision on the motion. If no timely motion is made, the protection afforded to the challenged documents described in the Notice shall terminate on the fifteenth (15th) calendar day after service of the notice.

## PRIVILEGED OR OTHERWISE PROTECTED DOCUMENTS

15.      Nothing in this Protective Order shall require the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right or immunity. If information subject to a claim of immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right, or immunity unless it would constitute a waiver pursuant to Fed. R. Evid. 502. The inadvertent or unintentional production of information without a designation of confidentiality shall not be deemed a waiver or impairment of any claimed protection of the confidential nature of any such information unless it would constitute a waiver pursuant to Fed. R. Evid. 502. If Chase inadvertently or unintentionally produces materials protected by attorney-client privilege, the work product doctrine or other

privilege, doctrine, right, or immunity, it shall notify the United States Trustee's counsel in writing

within a reasonable time after Chase actually becomes aware of the inadvertent production.

16.    Upon receiving such notice of inadvertent production, the USTP and its counsel

will comply with Fed. R. Evid. 502, and Fed. R. Bank. P. 7026(b)(5)(B).  In the event the USTP

elects to sequester the documents and this Court or another court rules that such documents are

protected from disclosure by the attorney-client privilege, the work product doctrine or other

privilege, doctrine, right, or immunity, the USTP shall then be required to return or destroy the

documents unless an appeal or review is sought.

## CONTINUING CONFIDENTIALITY AND RETURN OR DISPOSAL OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

17.    The United States Trustee shall return to Chase's counsel all documents produced

by Chase containing Confidential Information and all copies of such documents, in his possession,

on or before thirty (30)  calendar days after the date of entry of a final non-appealable order or

other such filing that resolves the last active matter arising out of, related to, or asserted in

connection with (1) the objection filed by the USTP and any discovery sought from Chase by the

USTP in this bankruptcy case, and (2) any discovery sought from Chase by the USTP in any other

bankruptcy case in this district in connection with mortgage-related proofs of claim and notices of

payment changes, provided that there are no pending matters in which the USTP and Chase are

involved to which the Confidential Information is relevant., and provided further that the USTP

shall not in any event be required to return or destroy any such documents before December 31,

2020.   The USTP may destroy the documents produced by Chase containing Confidential

Information, and copies of such documents, in lieu of returning them.

## INDEPENDENTLY OBTAINED MATERIAL AND MATERIAL DISCLOSED NOT PURSUANT TO PROTECTIVE ORDER

18.    Nothing herein shall impose any restrictions on the use or disclosure by the USTP

of material obtained independently of discovery produced by Chase in this case, including any

material provided to the USTP by any governmental entity.  In addition, nothing herein shall

impose any restrictions on the use or disclosure by the USTP of material that has been disclosed

(other than by the USTP) in any court or administrative proceeding, or to any governmental entity,

except when such disclosure has taken place pursuant to:  (i) a protective order restricting

communication of such information; (ii) a statute or regulation restricting communication of such

information; or (iii) an agreement with a governmental entity agreeing to restrict communication

of such information.

## INTERPRETATION; APPLICATION OF THE RULES OF CIVIL PROCEDURE AND EVIDENCE

19.    Nothing in this Protective Order shall be construed to operate in any way to prevent

the USTP from carrying out any action in furtherance of its duties under 28 U.S.C. § 586(a).  This

Protective Order is not intended to broaden, and is to be enforced so as not to broaden, the scope

of information that would be entitled to protection under the Bankruptcy Code, the Federal Rules

of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

## MODIFICATION

20.    The Court is authorized to modify this Protective Order either upon agreement of

the Parties, or for cause after notice and hearing. ***

***Any party-in-interest may file a written objection(s) to the entry of this order on or before April 16, 2019. If any objection(s) is filed on or before April 16, 2019, a hearing will be set. If no objection(s) is filed on or before April 16, 2019, the order shall become final effective April 17, 2019. Counsel for JP Morgan Chase Bank, National Association shall serve a copy of the within order on all parties-in-interest and file a certificate of service with the Court

Signed this __4th__ day of _____April_____, 2019

United States Bankruptcy Judge

Order prepared and agreed to by:

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

FILED
4/4/19 10:57 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**By:** */s/ Norma Hildenbrand*
Norma Hildenbrand, Trial Attorney
PA ID 70421
Liberty Avenue, Suite 970
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 644-4756 Telephone
(412) 644-4785 Facsimile
Norma.L.Hildenbrand@usdoj.gov

And by:

JPMORGAN CHASE BANK, N.A.

**By:** */s/ Luke A. Sizmore*
Luke A. Sizemore (PA ID No. 306443)
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
Email:  lsizemore@reedsmith.com

###

## EXHIBIT A

On behalf of [GOVERNMENT AGENCY], I have reviewed the Protective Order

entered by the Court on [DATE], 2019 (the "Protective Order"). To the extent that

a United States Trustee or the United States Trustee Program provides

[GOVERNMENT AGENCY] with material produced under the Protective Order

and designated as Confidential Information by Chase, [GOVERNMENT

AGENCY] agrees to be subject to and to abide by the terms of the Protective Order

with respect to such Confidential Information and to maintain the confidentiality of

the Confidential Information provided by the United States Trustee or the United

States Trustee Program except that if [GOVERNMENT AGENCY] obtains or has

obtained the same or other information through some other means (including but

not limited to subpoena or civil investigative demand), this Protective Order shall

have no effect on the level of protection or confidentiality [GOVERNMENT

AGENCY] is required to provide to the information obtained by such other means,

even if it first became aware of such information as a result of a disclosure from the

USTP.


Dated: _____          By: _____
                                 Print Name:
                                 Title:

                                 For:

## EXHIBIT B

I have reviewed the Protective Order entered by the Court on [DATE], 2019 (the

"Protective Order").   I agree to be subject to and to abide by the terms of the

Protective Order with respect to Confidential Information and to maintain the

confidentiality of the Confidential Information provided by the United States

Trustee or the United States Trustee Program.


Dated: _____          By: _____
                                     Print Name:

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 17-21194-TPA
Roxanne Lynne Herceg                                                      Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2          User: dsaw              Page 1 of 1            Date Rcvd: Apr 04, 2019
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 06, 2019.
db              +Roxanne Lynne Herceg,    5465 Spruce Street,    Bethel Park, PA 15102-2607

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 06, 2019                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 4, 2019 at the address(es) listed below:
        Catherine T. Martin    on behalf of Debtor Roxanne Lynne Herceg martinc@nlsa.us
        James  Warmbrodt    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         bkgroup@kmllawgroup.com
        Jeffrey R. Hunt    on behalf of Creditor   Municipality of Bethel Park jhunt@grblaw.com,
         cnoroski@grblaw.com
        Luke A. Sizemore    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         lsizemore@reedsmith.com,   slucas@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
        Norma Hildenbrand,  on Behalf of the United States Trustee by   on behalf of U.S. Trustee
         Office of the United States Trustee Norma.L.Hildenbrand@usdoj.gov
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                        TOTAL: 7